Dear Mr. Skyring,
This office is in receipt of your opinion request date June 2, 1995. You state that, as a part of the sanctions imposed by the court, all persons who plead guilty or are found guilty after trial for a DWI offense must attend the court's substance abuse program for which they are charged. Specifically, you present the following issues for our review:
 1. Does the City Court's substance abuse program and/or the probation officers who serve as instructors for the program have to be licensed in accordance with LSA-R.S. 40:1058.1 et seq.?
2. Can the City Court operate this program for a fee?
 3. As a condition to probation, is it ethical to require the defendant to participate in and pay a fee for court sponsored programs not licensed by the State?
Your first question asks whether the City Court's substance abuse program must be licensed pursuant to LSA-R.S. 40:1058.1et seq. We direct your attention to LSA-R.S.14:98(B)(1) and (C)(1), which provide for penalties for conviction of operating a vehicle while intoxicated. These provisions state, in pertinent part:
 B. On a first conviction, the offender shall be fined not less than one hundred twenty-five dollars nor more than five hundred dollars and imprisoned for not less than ten days nor more than six months. Imposition or execution of sentence shall not be suspended unless:
 (1) The offender is placed on probation with a minimum condition that he serve two days in jail and participate in a court-approved substance abuse program and participate in a court-approved driver improvement program;
* * * * *
 C. On a second conviction, regardless of whether the second offense occurred before or after the first conviction, the offender shall be fined not less than three hundred dollars and not more than one thousand dollars and imprisoned for not less than thirty days not more than six months. Imposition or execution of sentence shall not be suspended unless:
 (1) The offender is placed on probation with a minimum condition that he serve fifteen days in a court-approved substance abuse program and participate in a court-approved driver improvement program;
These provisions require that the substance abuse program need only be "court-approved". This requirement does not subject the program to mandatory licensure under LSA-R.S. 40:1058.1et seq. which concerns the licensing of comprehensive care and component centers for alcoholic and drug dependent persons. Unless the court requires this licensing within its own considerations, the program need not be licensed as a prerequisite to consideration by the court.
You also ask whether the court may impose a fee upon the participating defendant for the operation of this program. C.Cr.P. Article 887 mandates that a defendant who is convicted of an offense shall be liable for all costs of the prosecution or proceedings.
Additionally, C.Cr.P. Article 887(D) provides:
 If the offender is placed on probation as provided in R.S. 14:98(B) or (C), the court may order the apportionment and payment of all or a part of such costs to the agencies or persons responsible for administering the prescribed substance abuse program, or community service activities.
Therefore, C.Cr.P. Article 887(D) specifically authorizes the court to collect fees from offenders in order to pay the costs of the court-approved substance abuse program.
Your third question raises ethical considerations which should be directed to the Ethics Commission, 7434 Perkins Road, Suite B, Baton Rouge, Louisiana 70808.
I trust this adequately answers your questions. Should you need further assistance, please contact our office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Received:
Date Released: August 24, 1995
State of Louisiana
DEPARTMENT OF JUSTICE
RICHARD P. IEYOUB Shreveport, Louisiana 430 FANNIN ST. ATTORNEY GENERAL ROOM 309 71101-5537 TELEPHONE: (318) 222-3790 FAX: (318) 226-7144